IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
WINCHESTER DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | |
| JAMES RANDALL PIERCE, ) | Case No.: 3:20-bk-31484-SHB |
| DONNA RENEE PIERCE ) | Chapter 12 |
| ) | Judge: Suzanne H. Bauknight |
| Debtors. ) | |

DEBTORS' CHAPTER 12 PLAN

The Debtors, James Randall Pierce and Donna Renee Pierce, propose the following amended plan pursuant to Section 1221 of Title 11 of the United States Code

DEFINITIONS

1. "Case" shall mean this voluntary case, Bankruptcy Number 3:20-bk-31484-SHB.

2. "Creditor" means all entities holding a claim against a debtor.

3. "Secured Creditors" mean a creditor with a lien or security interest in the property of the debtor.

4. "Claim" means a timely filed claim which has been allowed by the Court or a secured claim dealt with by the plan.

5. "Court" shall mean the United States Bankruptcy Court for the Eastern District of Tennessee.

6. "Effective Date" means the date upon which the Order of Confirmation becomes final.

7. "Plan" shall mean this Amended plan and any subsequent amendments thereto.

8. "Trustee" means the Chapter 12 Trustee, Kara L. West.

9. "Disposable Income" means all income received by the debtors after deducting necessary operating expenses, and plan payments.

10. "Bankruptcy Code" means the provisions of Title 11 of the United States Code.

11. "Direct Payment" shall mean payment by the Debtors directly to the recipient Claimant.

12. "Trustee Payment" shall mean payments by the Trustee to the recipient Claimant from funds paid by the Debtors to the Trustee for such purpose.

13. All words and terms not otherwise referenced herein shall have meaning(s) specifically set forth in Chapter 12, Title 11 of the United States Code, and if not defined therein the meanings more generally as set forth in the remaining provisions of Title 11 of the United States Code.

## I. FUNDING THE PLAN

The Plan shall be set up as a 60-month plan, however, the Debtors anticipate paying their claims in full before that timeframe. The Debtors anticipate receiving the proceeds from their crop sale of their hemp farm in January 2021, therefore, all payments will be made on February 1, 2021. Debtors anticipate $900,000.00 to be available for distributions. The Debtors anticipate net proceeds from the sale of hemp in January 2021 to be approximately $1.5 million dollars. The Debtors anticipate holding aside $600,000.00 for future taxes, as well as maintenance and operation and including purchasing future supplies for the 2021 crop. All payments shall be made on February 1st of each calendar year until all claims are paid in full.

## II.    TREATMENT OF CLAIMS AND INTERESTS

Class 1.  POST-PETITION ADMINISTRATIVE CLAIMS. This class includes expenses incurred by the Debtors after the filing of the petition and before the entry of the Order of Confirmation. Debtors may incur minimal unsecured debts in the ordinary course of business. These debts shall be paid according to the terms established between the parties and in the ordinary course of business. Statutory Trustee's fees will be paid upon disbursement made by the Trustee and designated in the plan as "Trustee Payments."

Class 2.  PROFESSIONAL FEES.  The attorney for the Debtors shall be awarded a fee following application to be made according to the usual bankruptcy procedures.

Class 3.  PRIORITY CLAIMS.

The Priority Claims consist of Claim # 2, filed by the Internal Revenue Service in the amount of $85,595.90, as well as Claims # 7 – 13, filed by the Granger County Trustee in the accumulative amount of $7,851.42.  Payment of claims:  these claims shall be paid in full on February 1, 2021.

## III.    SECURED CLAIMS AND THEIR TREATMENT

Class 4.  MOUNTAIN COMMERCE BANK:  MOUNTAIN COMMERS BANK holds a primary lien on the Debtors' residence and farms.  There are three Claims : #4 in the amount of $114,401.74, #15 in the amount of $182,216.35  and #17 in the amount of $1,560,360.01.

PAYMENT: Claim #4: the Debtors shall pay this claim in full in 3 yearly installment of $40,000 with a 4% amortization beginning with the first payment on February 1, 2021.

Claim #15: the Debtors shall pay this claim in full in 3 yearly installments of $65,000 a year with a 4% amortization rate.

Claims #17: the Debtors shall pay the arrearage on this claim of $303, 536.15 on February 1, 2021.  The Debtors shall also pay the yearly principal and interest payment of $55,960 for the duration of the 5 years beginning on February 1, 2021

Class 5.  COMMERCIAL BANK, Claim #6:  COMMERCIAL BANK is secured by a second lien on the Debtors' farm property at 478 Bunch Rd., Blaine, TN 37709, in the amount of $130,838.03.

PAYMENT: This claim shall be paid over 5 years in full in yearly installments of $30,000 with a 4% amortization starting February 1, 2021, paid annually.

Class 6.  NEW SOUTH CREDIT UNION: NEW SOUTH CREDIT UNION, Claim #1 is secured by a 2013 Kubota L32 Tractor.  The claim amount is $5,474.78.

PAYMENT: This claim shall be paid in full on February 1, 2021.

Class 7.  USDA - GREEN COUNTY FSA: The USDA has filed claim# 3 in the amount of $301,566.06.  This claim is secured by a lien on Debtors' crops as well as second lien on Debtors' real estate.

PAYMENT: This claim shall be paid in full in the amount of $65,000 a year starting on February 1, 2021 at a 4% amortization with yearly payments thereafter.

### IV.    UNSECURED CLAIMS

Class 12.  UNSECURED CLAIMS: This class consists of unsecured claimants without priority under 11 U.S.C. § 507. Court Claims #5, #6, #7, #8, and #16 are in this class. The

unsecured creditors shall be paid the full amount of their allowed claims over the term of the plan with distribution pro-rata to the claimants. Debtors shall fund payments to this class by making four equal installments of $150,000 annually to the Chapter 12 Trustee, with the first installment commencing February 21, 2021 with subsequent installments to be paid on February 1st of each year thereafter for a period of three additional years. These payments shall be in full and complete satisfaction of the debts of these claimants. These payments are "Trustee Payments."

## V. MEANS OF EXECUTION

The cash requirements of the Plan shall be funded from the continuing farming operations of the debtors.

## VI. DISBURSEMENT OF FUNDS

Disbursement of funds for the respective classes shall be as set forth above. "Trustee Payment." For all classes where the Trustee will disburse payment designated as

"Trustee Payment" the payment by the Debtors to the Trustee to fund such payments will be made by certified funds on or before the 15th day of the month immediately preceding the disbursement date set forth in the confirmed plan.

"Direct Payment." For all classes where "Direct Payments" are to be made by the Debtors to the respective holders of claims in such classes designated as "Direct Payment" the Debtors shall make such payments on or before the payment date set forth in the confirmed plan.

Debtors shall strictly comply with the "Direct Payment" provisions of Classes Three.

Four, Five Six and Seven. Should the Debtors fail to make timely "Direct Payments" the creditors may file a notice of default for such class with the Court and service such notice upon the Debtors, Debtors' Attorney, and the Chapter 12 Trustee. The Debtors shall have thirty (30) days after service of such notice to cure the default by submitting funds in an amount necessary to cure the default.

## VII. LENGTH OF THE PLAN

The duration of the Chapter 12 Plan is sixty months from confirmation in accordance with Section 1222 (c) of the Bankruptcy Code except as to those allowed secured claims whose payment is provided for over a period of time that is longer than five years pursuant to Section 1222 (b)(9) of the Bankruptcy Code. Confirmation shall constitute a finding of cause under 11 U.S.C. § 1222 (b)5, and 11 U.S.C § 1222 (b)9 pursuant to 11 U.S.C § 1222( c) for plan payments over a period longer than three years.

## VIII. PRE-PETITION DEFAULTS

Any pre-petition defaults shall be deemed waived by the respective creditors.

## IX. RETENTION OF LIENS

All creditors whose claims are treated as secured in this plan shall retain their liens; except as to such liens terminated under Section 552 (a) of the Bankruptcy Code, in the collateral securing their respective claims until such claims are paid in full in the amount allowed as secured. In the event of default in the payment of any secured claim, the secured creditor's claim shall be limited to the balance due on the secured claim as allowed in this Plan.

## X. SALES FREE OF INTERESTS

The Debtors may, during the term of the Plan, sell property free and clear of interests as provided in 11 U.S.C. § 1206 at public auction unless otherwise permitted by the Court, after notice to creditors as required, and the creditors respective interests shall attach to the proceeds of such sales. Sales free of interests of creditors at a private sale may be made upon approval of the Court after notice to the affected creditors and a hearing.

## XI.    AUTOMATIC STAY

Notwithstanding the entry of the order confirming a plan, the automatic stay as provided in 11 U.S.C. § 362 shall continue in effect as to all property of the estate or property retained by the debtors or the Trustee until the plan has been completed, terminated, a discharge entered, or an order entered lifting the stay, whichever is earlier. The automatic stay shall not apply to future crops or property given as collateral for post-confirmation operating loans, as allowed by the Court.

## XII.    TRUSTEE'S FEE

The Trustee will take her fee on all disbursements made as "Trustee Payments." The Trustee's fee shall be added to the payments to be made by the Debtors to the Trustee under Provision VI funding the "Trustee Payments" provided under the plan.

## XIII.  GENERAL PROVISIONS

a. Except as provided in the plan, the order confirming the plan vests all property of the estate in the Debtor free and clear of all liens and encumbrances. Creditors with claims treated as secured in this plan shall retain their respective liens pursuant to Provision IX.

b. This Court shall retain jurisdiction of the Debtors and their property for the term of

the Plan.

    c. The secured debt of any secured creditor may be further modified by agreement between the Debtors, the secured creditor, and the Trustee without Court approval.

    d. The confirmation of this case is conditioned upon the Debtors providing reports to the Trustee as reporting procedures are established by the Trustee.

    e.  Upon compliance of the Debtors with the provisions of the Plan for the term of the Plan, the Court shall enter a discharge which discharges the Debtors from all claims provided for in the Plan except as provided in 11 USC 1122(b)(5) and (9) and 11 USC 523(a).

    Respectfully submitted,

    */s/ William E. Maddox, Jr.*
William E. Maddox, Jr. BPR#017462
William E. Maddox, Jr. LLC
Attorney at Law
P.O. Box 31287
Knoxville, TN  37930
Phone:  (865) 293-4953
wem@billmaddoxlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the First Amended Chapter 12 Plan, was served upon the Chapter 12 Trustee, Kara L. West, and the United States Trustee's office, Assistant Trustee, Kimberly C. Swafford, 31 E. 11th Street 4th Floor, Chattanooga, TN 37402, and the creditors below, either by ECF or U S Postal Service, postage prepaid on October 20, 2021.

    */s/ William E. Maddox, Jr.*
William E. Maddox, Jr.
BPR#017462